BOOTH, Judge,
dissenting:
These parent/subsidiary transactions are not “sales” and should not be treated as such for apportionment purposes under Chapter 220, Florida Statutes. I find no authority for the Department’s position, a position rejected by this Court in Coulter v. D.O.R., supra, wherein we held that the making and transferring of products for and to the affiliated group (parent and two subsidiaries) by a subsidiary did not result in “sales.” In that case, as in this, the finished products were sold to third parties and correctly included in the formula at that point. In Coulter, as here, the Department has seized on the record-keeping among the members of the affiliated group but failed to show that the taxpayer was guilty of any subterfuge or improper tax avoidance purpose in the recording and reporting of these transactions. There is no showing that the transfer to the parent of cans produced by its subsidiary resulted in any gross receipts. The tax base remains unaffected. In this case, the Department makes an issue of the consolidated tax returns reporting the subsidiary’s share of gross receipts.
The trial court correctly rejected the Department’s contentions, holding, in part, as follows:
[T]he question is whether certain transactions between members of the affiliated group filing consolidated federal and Florida returns are “sales” for apportionment purposes within the meaning of Fla.Stat., ss. 220.15 and 214.71(3). Significantly, there is no dispute between the parties as to the tax base, i.e., the amount of income subject to the Florida apportionment formula. That figure (consolidated taxable income in the case of consolidated Florida returns, Fla.Stat. s. 220.131(4), as adjusted pursuant to Chapter 220, Florida Statutes) is not affected by the intercompany transactions in issue and is therefore agreed upon by both parties to this litigation. Nor is there any dispute over third-party transactions, i.e., transactions outside the taxpayer group, all of which have been treated as sales for apportionment purposes and with respect to which Plaintiffs have paid all Florida taxes due. The only question is whether the inter-company transactions, though they produce no income to apportion, are to be counted as “sales” in apportioning Plaintiff’s income to Florida. The Defendant has twice previously litigated, unsuccess *883 fully, the issue posed by the ease at hand....
The Court finds unavailing the Defendant’s attempts to distinguish the Coulter case, including but not limited to its efforts to characterize the Plaintiffs accounting treatments and funding of the subsidiary’s expenses as payment. Although the Plaintiffs maintained various accounting and other records for the purpose of ascribing a profitability to the can-manufacturing segment of the business, the intercompany transactions in question had no independent significance for accounting purposes as they were a “wash” in the presentation of consolidated financial statements. And as those transactions gave rise to no taxable income for the affiliated group filing consolidated returns, their treatment as “sales” for apportionment purposes would, as in Coulter, artificially overstate Plaintiff’s Florida tax liability. The Department’s position would, in other cases, invite taxpayer abuse and manipulation of Florida tax liabilities.
The trial court’s determination of the nature of the transactions is based on facts of record and should not be reversed by this court. Factual issues in tax cases, as in other types of litigation, should be determined by the trial court. For example this court in DOR v. Seaboard Railroad Co., 480 So.2d 1349, 1354 (Fla. 1st DCA 1986), a Chapter 220 case, held:
The presence or absence of corporate characteristics is determined under the facts and circumstances of each case.... [Citations omitted.] The findings of the trial court must be upheld if there is substantial evidence to support them.
The record does not support a determination that, as a matter of law, the transactions were “sales” and nothing in the statutes or in the Department’s own rules require that classification. The reality of the business activities involved is to the contrary. Substance, not form, should control. We should affirm the judgment below.